UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*FILED*

SUSAN DOOLITTLE,

    Plaintiff (s),

v.

FIDELITY NATIONAL FINANCIAL INC,
Defendant(s).

No. **C 08-03579 EDL**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Elizabeth D.
Laporte. When serving the complaint or notice of removal, the plaintiff or removing defendant must
serve on all other parties a copy of this order , the Notice of Assignment of Case to a United
States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2.
Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited
number of printed copies are available from the Clerk's Office for parties in cases not subject to the
court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties
the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern
District Of California," additional copies of which can be downloaded from the following
Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/25/2008 | Complaint filed | |
| 10/7/2008 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| | | |
|---|---|---|
| 10/21/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil _L.R . 16-9 |
| 10/28/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm E, 15th Floor, SF at 10:00 AM | Civil _L.R. 16-10 |

## STANDING ORDER

### Magistrate Judge Elizabeth D. Laporte

1)     Civil law and motion is heard on Tuesdays at 9:00 a.m. Criminal law and motion is heard on Tuesdays at 1:15 p.m. Counsel need not reserve a hearing date in advance. However, noticed dates may be reset as the court's calendar requires.

2)     Case Management Conferences are held on Tuesdays at 10:00 a.m. Pretrial Conferences are held on Tuesdays at 2:00 p.m.

3)     Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than 35 days pursuant to Civil L.R. 7-2. Alternatively, any party may seek an order to shorten or enlarge time under Civil L.R. 6-3 if the circumstances justify that relief. In emergencies during discovery events, the Court is available pursuant to Civil L.R. 37-1(b).

    In the event a discovery dispute arises, counsel (or if pro se, the party) seeking discovery or a protective order shall confer in good faith with opposing counsel (or pro se party) in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a). The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).

4)     The Court strives to set matters and render decisions in a timely manner. The Court encourages parties to advise the Court by letter to chambers of any matter that appears to have been unduly delayed.

IT IS SO ORDERED.

Dated: July 26, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff(s),                          No.    EDL

v.                                     STANDING ORDER RE
                                       CASE MANAGEMENT CONFERENCE

Defendant(s).
_____/

**Lead trial counsel** who will try this case are directed to confer in advance of the Case Management Conference with respect to all matters contained in the attached Proposed Joint Case Management Order, including **a discovery plan and discovery limits** and all other matters described in Federal Rules of Civil Procedure 16(a), 16(b) and 26(f) and Civil Local Rule 16-10. Pursuant to Civil L.R. 16-10(a), **<u>lead trial counsel shall attend the Case Management Conference</u>** and be prepared to discuss all matters referred to in this order. Counsel shall have the authority to enter stipulations and make admissions regarding all matters described herein.

PLAINTIFF IS DIRECTED TO SERVE COPIES OF THIS ORDER AT ONCE UPON ALL PARTIES IN THIS ACTION AND UPON THOSE SUBSEQUENTLY JOINED IN ACCORDANCE WITH THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 4 AND 5 AND CIVIL LOCAL RULES 4 AND 5, and to file with the Clerk of the Court a Certificate reflecting such service.

Failure to comply with this order, the provisions of Federal Rule of Civil Procedure 16 and 26(f) or the provisions of Civil L.R. 16-10 may be grounds for sanctions. (<u>See</u> Fed. R. Civ. P. 16(f)).

Dated: January 26, 2001

ELIZABETH D. LAPORTE
United States Magistrate Judge

For the Northern District of California

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.   Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.   Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.   Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.   Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.   Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.   Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.   Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.   Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.   Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

-2-

*JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| R&L BROSAMER, INC., a corporation | LIBERTY MUTUAL FIRE INSURANCE COMPANY, a corporation; and DOES 1 through 15 |

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Elisabeth A. Madden (SBN 131172)
Lynch, Gilardi & Grummer
475 Sansome Street, Suite 1800, San Francisco, CA 94111
Tel: (415) 397-2800

Attorneys (If Known)
Pamela E. Cogan (SBN 105089)
Ropers, Majeski, Kohn, & Bentley, 1001 Marshall Street, Suite 300
Redwood City, CA 94063

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(a), 28 U.S.C. § 1441, 28 USCS §1446(b),

Brief description of cause:
This action arises from the alleged breach of an insurance policy

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ >75,000.00+
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND [ ] SAN JOSE

DATE
July 28, 2008

SIGNATURE OF ATTORNEY OF RECORD
Pamela E. Cogan

RCI/5158261.1/JAW

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.　　　**(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

　　　　(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

　　　　(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.　　　**Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.　　　**Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.　　　**Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.　　　**Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.　　　**Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**　　　　Example:　　　　U.S. Civil Statute: <u>47 USC 553</u>
　　　　　　　　　　　　　　　　Brief Description: <u>Unauthorized reception of cable service</u>

VII.　　　**Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.　　　**Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

FILED

CO JUL 28 PM 3: 57 NP

RICHARD W. WIEKING
. . . DISTRICT COURT
. . . . CALIFORNIA

1  PAMELA E. COGAN (SBN 105089)
   JENNIFER A. WILLIAMS (SBN 244707)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 300
3  Redwood City, CA  94063-2052
   Telephone:    (650) 364-8200
4  Facsimile:    (650) 780-1701
   Email:        pcogan@rmkb.com
5                jwilliams@rmkb.com

6  Attorneys for Defendant
   LIBERTY MUTUAL FIRE INSURANCE
7  COMPANY

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

**BZ**

10

11  R&L BROSAMER, INC.,                    **CV 08      3607**
                                           CASE NO.
12              Plaintiff,
                                           (Formerly Contra Costa County Superior Court
13  v.                                     Case No. C08-01605)

14  LIBERTY MUTUAL FIRE INSURANCE          **DEFENDANT LIBERTY MUTUAL FIRE**
    COMPANY; AND DOES 1-15,                **INSURANCE COMPANY'S PETITION**
15                                         **FOR REMOVAL OF CIVIL ACTION**
                Defendant.                 **UNDER 28 U.S.C. § 1441(b) [DIVERSITY**
16                                         **JURISDICTION]**

17                                         **DEMAND FOR JURY TRIAL**
                                           **[Fed. R. Civ. Proc., Rule 38(b)]**
18

19        **TO PLAINTIFF R&L BROSAMER, ITS ATTORNEY OF RECORD, AND THE**

20  **CLERK OF THE ABOVE-ENTITLED COURT:**

21        **PLEASE TAKE NOTICE** that defendant LIBERTY MUTUAL FIRE INSURANCE

22  COMPANY ("Liberty Mutual") hereby removes to this Court the State Court action described

23  below:

24        1.   On June 16, 2008, plaintiff filed this action in the Superior Court for the State of

25  California in and for the County of Contra Costa, case number C08-01605, entitled R&L

26  Brosamer v. Liberty Mutual Fire Insurance Company.

27        2.   On June 26, 2008, plaintiff served by mail the Summons and Complaint on the

28  registered agent of Liberty Mutual Fire Insurance Company.  Liberty Mutual Fire Insurance

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Redwood City*

RC1/5157689.1/JAW                          DEFENDANT'S PETITION FOR REMOVAL AND
                                           JURY DEMAND

1    Company received the Summons and Complaint on June 27, 2008. The documents set forth in

2    Exhibit A constitute all of the process, pleadings, and orders received by Liberty Mutual Fire

3    Insurance Company, including a true and correct copy of the Summons and Complaint.

4        3. This action is a civil action over which this Court has original jurisdiction under 28

5    U.S.C. section 1332. This action may be removed to this Court by defendant pursuant to the

6    provisions of 28 U.S.C. section 1441, subdivision (b), because the amount in controversy exceeds

7    $75,000 and there is complete diversity of citizenship between plaintiff and defendant. The

8    determination of citizenship for diversity purposes is governed by federal rather than state law.

9    (See, Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F2d 302, 304 (9th Cir

10    1987), overruled on other grounds, Partington v. Gedan, 923 F2d 686 (9th Cir 1991).) The

11    citizenship of defendants sued under fictitious names, such as "Doe" defendants, is disregarded

12    for diversity jurisdiction purposes. (28 USC § 1441(a); Soliman v. Philip Morris, Inc., 311 F3d

13    966, 971 (9th Cir 2002).)

14        4. Plaintiff is a California corporation with its principal place of business and

15    headquarters located in Walnut Creek, California. (Declaration of Jennifer A. Williams,

16    ("Williams Decl."),  ¶4.)

17        5. At all times relevant to the Complaint in this action, defendant Liberty Mutual has

18    been and is a corporation organized under the laws of the State of Wisconsin, with its principle

19    place of business in Boston, Massachusetts. (Declaration of James Pugh ("Pugh Decl."), ¶ 3.)

20    Liberty Mutual's corporate headquarters and corporate officers are also located in Boston,

21    Massachusetts. (Pugh Decl., ¶3.) Thus, complete diversity exists between plaintiff and defendant

22    Liberty Mutual. (28 U.S.C. §1332(a)(1)(C)(1).)

23        6. The matter in controversy exceeds $75,000, exclusive of interest and costs, because

24    plaintiff is seeking recovery of attorneys fees and costs incurred by plaintiff in the underlying

25    workers' compensation action and civil action, indemnity of any judgment rendered in the

26    underlying workers' compensation action and civil action, any consequential damages allegedly

27    sustained as a result of the underlying actions, and attorneys' fees and costs incurred in this

28    present action. (Complaint ¶ 17, 21.)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    7.  Under California law, an insured can recover attorney fees incurred to compel

2  payment of policy benefits as an element of damages, but only when an insurer tortiously

3  withholds benefits.  (Brandt v. Superior Court, 37 Cal.3d 813, 817-819 (1985).)  A claim for

4  attorneys' fees is included in determining the amount in controversy, regardless of whether the

5  fee award is mandatory or discretionary.  (Galt G/X v. JSS Scandinavia, 142 F.3d 1150, 1155-

6  1156 (9th Cir. 1998); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000);

7  Conrad & Asso. v. Hartford Accident and Indem. Co., 994 F.Supp. 1196, 1199 (N.D. Cal. 1998).)

8    8.  The Complaint also seeks punitive damages (Complaint ¶22), which alone, coupled

9  with the absence of any binding representation that plaintiff is seeking less than the jurisdictional

10  minimum, is sufficient to invoke diversity jurisdiction.  (See, Gibson v. Chrysler Corp., 261 F.3d

11  927, 946 (9th Cir. 2001).)

12    9.  On July 22, 2008, Liberty Mutual requested that plaintiff stipulate that it does not seek

13  to recover damages in excess of $75,000 in this action.  Liberty Mutual requested a response from

14  plaintiff by July 24, 2008. (Williams Decl, ¶2, Ex. A attached to Williams Decl.)  On July 28,

15  2008, plaintiff notified Liberty Mutuat that it would not stipulate that the amount in controversy

16  does not exceed $75,000.  (Williams Decl., ¶3.)  As such, the amount in controversy exceeds the

17  sum of $75,000, exclusive of interest and costs.

18    10. A copy of this Petition shall be contemporaneously filed in the office of the clerk for

19  the Superior Court of Contra Costa County.

21  Dated: July 28, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By:
PAMELA E. COGAN
JENNIFER A. WILLIAMS.
Attorneys for Defendant LIBERTY
MUTUAL FIRE INSURANCE COMPANY

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1

## DEMAND FOR JURY TRIAL

2          Defendant Liberty Mutual Fire Insurance Company hereby demands a trial by jury

3   pursuant to Rule 38, subdivision (b) of the Federal Rules of Civil Procedure.

4

5   Dated:  July ___, 2008                    ROPERS, MAJESKI, KOHN & BENTLEY

6

7                                            By: _____
                                                 PAMELA E. COGAN
8                                                JENNIFER A. WILLIAMS.
                                                 Attorneys for Defendant LIBERTY
9                                                MUTUAL FIRE INSURANCE COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RC1/5157689.1/JAW                    - 4 -        DEFENDANT'S PETITION FOR REMOVAL AND
                                                          JURY DEMAND



LYNCH, GILARDI & GRUMMER
A Professional Corporation

ATTORNEYS AT LAW

SINCE 1978

June 26, 2008

Ms. Karen Harris
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA  95833

      Re:   *R & L Brosamer, Inc. v. Liberty Mutual Fire Insurance Co., et al.*
            Contra Costa County Superior Court Case No.: C08-01605

Dear Ms. Harris:

      This office has filed the enclosed Summons and Complaint on behalf of R & L Brosamer,
Inc. against Liberty Mutual Fire Insurance Company ("Liberty").  The California Department of
Insurance names you as Liberty's registered agent for service of process.  Accordingly, I have
enclosed the Summons, the Complaint, and related court papers as listed in the enclosed "Notice
of Acknowledgment", and I request that you sign the Notice and Acknowledgment on behalf of
Liberty Mutual Fire Insurance Company as its designated agent for service of process.  I have
enclosed a self-addressed, stamped envelope for your use in returning the executed Notice of
Acknowledgment.

      If you have any questions, please contact either myself or Elisabeth Madden.  Thank you
for your assistance.

                                  Very truly yours,

                                    Wallace M. Tice

WMT/gdp
Enclosures

cc:    Dean Pappas, Esq. (w/ encl.)

\\Sfdata\Conversion\0871-0003\Counsel\178515.doc

475 SANSOME STREET, SUITE 1800  SAN FRANCISCO, CALIFORNIA 94111                  EMAIL  lgg@lgglaw.com
TELEPHONE (415) 397-2800    FACSIMILE (415) 397-0937                                   WEBSITE  www.lgglaw.com
                                                                        RICHARD S. GILARDI (RETIRED)
                                                                         DUANE W. GRUMMER (OF COUNSEL)

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Elisabeth A. Madden, Esq. (SBN 131172)<br>Wallace M. Tice, Esq. (SBN 88177)<br>LYNCH, GILARDI & GRUMMER, APC<br>475 Sansome St., #1800<br>San Francisco, CA  94111<br>  TELEPHONE NO.: 415-397-2800    FAX NO. *(Optional)*:  415-397-0937<br>E-MAIL ADDRESS *(Optional)*:<br>  ATTORNEY FOR *(Name)*:  R & L Brosamer, Inc. | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa |
|---|
| STREET ADDRESS: 725 Court Street |
| MAILING ADDRESS: P.O. Box 911 |
| CITY AND ZIP CODE: Martinez, CA  94553 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: R & L BROSAMER, INC.<br><br><br>DEFENDANT/RESPONDENT: LIBERTY MUTUAL FIRE INSURANCE CO., and<br>Does 1-15 |
|---|

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIVMSC08-01605 |
|---|---|

TO *(insert name of party being served)*: <u>Liberty Mutual Fire Insurance Company</u>

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the Califomia Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: June 26, 2008

Wallace M. Tice, Esq.
  (TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other: *(specify)*: Notice of Case Management Conference; Civil Case Cover Sheet;
   Notice to Defendants; Stipulation and Order to Attend ADR and Delay
   First Case Management Conference 90 days; Blank Case Management
   Statement; and ADR Information Packet

*(To be completed by recipient):*
Date this form is signed: July     , 2008

▶

_____          _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use          NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL          Code of Civil Procedure,
Judicial Council of California                                                                       §§ 415.30, 417.10
POS-015 [Rev. January 1, 2005]


Legal
Solutions
& Plus

EAM

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

R&L BROSAMER INC. VS. LIBERTY MUTUAL FIRE INS. CO.

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC08-01605

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  11/03/08      DEPT:  02       TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.   If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  06/19/08                    _____
                                    L. BANDOMA, Deputy Clerk

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Liberty Mutual Fire Insurance Co., and Does 1-15

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D

JUN 16 2008

K. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

By _____, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
R & L Brosamer, Inc.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):*<br>Contra Costa County Superior Court<br>725 Court Street<br>P.O. Box 911<br>Martinez, CA 94553 | *(Número del Caso):* C 0 8 - 0 1 6 0 5 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Elisabeth A. Madden, Esq. (SBN 131172)        415-397-2800    415-397-0937
LYNCH, GILARDI & GRÜMMER, APC
475 Sansome St., #1800
San Francisco, CA 94111

| DATE: | | Clerk, by | Lou Bandoma | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | JUN 16 2008 | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify)*:<br><br>3. ☐ on behalf of *(specify)*:<br><br>under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)<br>☐ other *(specify)*:<br>4. ☐ by personal delivery on *(date)*: |
|---|---|

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1   Elisabeth A. Madden (SBN 131172)
    Wallace M. Tice (SBN 88177)
2   LYNCH, GILARDI & GRUMMER
    A Professional Corporation
3   475 Sansome Street, Suite 1800
    San Francisco, CA 94111
4   Telephone:    (415) 397-2800
    Facsimile:    (415) 397-0937
5
    Attorneys for Plaintiff
6   R&L BROSAMER, INC.

F I L E D

JUN 16 2008

K. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ Deputy Clerk

7

8                    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       IN AND FOR THE COUNTY OF CONTRA COSTA

10  R&L BROSAMER, INC.,                      Case No.:
                                                   C 0 8  - 0 1 6 0 5
11           Plaintiff,                      COMPLAINT FOR BREACH OF
                                             CONTRACT, BREACH OF THE
12  vs.                                      COVENANT OF GOOD FAITH AND FAIR
                                             DEALING, AND DECLARATORY RELIEF
13  LIBERTY MUTUAL FIRE INSURANCE
14  COMPANY; AND DOES 1-15

15           Defendants.                     PER LOCAL RULES 5 THIS
                                             CASE IS ASSIGNED TO
16                                           DEPT. ___O2___

17          R&L BROSAMER, INC. (herein, "Plaintiff") hereby complains against defendants and

18  alleges as follows:

19                                  **GENERAL ALLEGATIONS**

20          1.  On or about December 19, 2006, Jaime Vidal Salmeron suffered a fatal accident

21  during the process of loading or unloading a truck at Norman Y. Mineta San Jose International

22  Airport, Renzell Field ("Airport"), in San Jose, California ("the Accident"). At the time of the

23  Accident, Plaintiff acted as general contractor on a construction project at the Airport, and it

24  hired Sebring Transport to provide trucks and truck drivers to transport equipment from the

25  Airport job site to Plaintiff's facility in Tracey. Sebring Transport then contacted Dale Stailing,

26  d.b.a. S & S RV, to supply the drivers and trucks to fulfill Plaintiff's transportation job, and Mr.

27  Salmeron drove one of the trucks provided by Stailing. On or about December 21, 2006, Joni

28
                                                  1
    COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR
    DEALING, AND DECLARATORY RELIEF

1  Aranda, personally and on behalf of minor Angel Salmeron Aranda, initiated a Workers
2  Compensation Appeals Board case entitled *Salmeron v. R&L Brosamer, Inc., et al.*, Case No.
3  OAK 0333041, ("Worker's Comp Action") and sought worker's compensation benefits against
4  Plaintiff and its worker's compensation carrier, Liberty Mutual Fire Insurance Company
5  ("Liberty"). Claimant in the Worker's Comp Action alleged that Plaintiff was a special
6  employer of decedent Salmeron at the time of the accident.

7          2.  Plaintiff is informed and believes, and based thereon alleges, that at all times
8  mentioned herein defendant Liberty Mutual Fire Insurance Company ("Liberty") was a
9  Wisconsin corporation with a principal place of business in Boston, Massachusetts, and was
10 authorized to do, and doing business as an insurer in the State of California.

11         3.  That the true names and/or capacities, whether individual, corporate, associate or
12 otherwise, of the defendants sued herein, DOES 1 through 15, inclusive, are unknown to
13 plaintiff, who therefore sues said defendants by such fictitious names and will ask relief to
14 amend this Complaint to show their true names and capacities when the same have been
15 ascertained. Plaintiff is informed and believes and thereupon alleges that defendants DOES 1
16 through 15, and each of them, were involved and participated, or caused and contributed to the
17 events and damages which form the basis for this Complaint.

18         4.  Plaintiff is informed and believes, and based thereon alleges that at all times
19 herein mentioned, defendants, and each of them, were the agents, employees, servants, or joint
20 venturers of each of the remaining defendants named herein, each acting in the scope of its
21 authority as such agent, employee, servant, or joint venturer with the permission and consent of
22 each of their co-defendants; and each fictitiously named defendant is in some way as yet
23 unknown to plaintiff legally responsible for the damages hereinafter pleaded. Plaintiff will pray
24 leave of the Court to amend this Complaint to show such matter when the same has been
25 ascertained.

26         5.  Following receipt of the Worker's Comp Action, Plaintiff tendered it to Liberty
27 for defense and indemnity under Policy No. WC2-161-065094-016 ("the Policy"), which

28

2

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR
DEALING, AND DECLARATORY RELIEF

1     provided Plaintiff with worker's compensation and employer's liability protection for claims by

2     its employees. Liberty retained David W. Hughes, Esq. and the law firm of Laughlin, Falbo,

3     Levy & Moresi, LLP ("Retained Counsel") to represent Plaintiff and Liberty in the Worker's

4     Comp Action.

5            6. In October and November 2007, following factual and legal investigation of the

6     Accident, Plaintiff asked Retained Counsel to file a response to the Worker's Comp Action that

7     admitted a special employment relationship between Plaintiff and Mr. Salmeron at the time of

8     the Accident. Without explanation or citation to any facts to support its conclusion that Mr.

9     Salmeron was not Plaintiff's dual or special employee, and despite Retained and House

10    Counsel's evaluations of special employment as a viable theory in the Worker's Comp Action,

11    Liberty asserted that Plaintiff had "absolutely no liability", and it directed David Hughes,

12    Retained Counsel, not to admit the special employment relationship with Mr. Salmeron. Liberty

13    also directed Retained Counsel to "control" the upcoming deposition of one of Plaintiff's

14    employees. Plaintiff asked Liberty to provide its factual support and/or legal analysis to support .

15    their position of "absolutely no liability." Liberty never responded. Plaintiff asked Liberty

16    whether Liberty would deny coverage if Plaintiff admitted the special employment relationship.

17    Liberty never responded.

18           7. At a hearing in the Workers Comp action, Retained Counsel announced that he

19    would be withdrawing from the action because of his conflict of interest between Plaintiff and

20    Liberty. Plaintiff asked Liberty to authorize and to pay for independent counsel, John J. Parente,

21    Esq. ("Independent Counsel"), and to advise Plaintiff regarding Liberty's coverage position.

22    Plaintiff advised Liberty of Mr. Parente's qualifications and billing rates. Liberty never

23    responded. Thereafter, Retained Counsel resigned as counsel for Plaintiff and Liberty because of

24    the continuing conflict of interest.

25           8. On November 29, 2007, despite the continuing conflict of interest between

26    Liberty and Plaintiff, Liberty hired its internal company firm of Santana & Hart ("House

27    Counsel") to represent Liberty in the Worker's Comp Action. Plaintiff asked Liberty who

28

3

COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR
DEALING, AND DECLARATORY RELIEF

1   Santana & Hart was representing in the Workers' Comp Action. Again, Liberty did not respond.
2   Plaintiff sought confirmation that Liberty would pay for Independent Counsel. Liberty did not
3   respond. Retained Counsel, who was withdrawing from the Workers' Comp action, prepared
4   two Substitution of Attorney forms for Liberty to substitute Santana & Hart, Liberty's House
5   Counsel to represent Liberty only in the Worker's Comp Action, and to substitute John Parente,
6   as Independent Counsel, to represent Plaintiff. The parties signed their respective Substitutions,
7   and those Substitutions were filed and served on all parties, including Liberty, in December
8   2007. Santana & Hart, Liberty's House Counsel, never contacted Plaintiff at any time.

9       9.   Thereafter, with Liberty's full knowledge, Independent Counsel represented
10  Plaintiff and incurred fees and costs in the Worker's Comp Action. Independent Counsel sent
11  Liberty the bills for fees and costs incurred. House Counsel never communicated with Plaintiff
12  or Independent Counsel; however, House Counsel communicated with Claimant's Counsel.
13  House Counsel represented only Liberty and took actions detrimental to Plaintiff's interests and
14  unauthorized by Plaintiff in the Worker's Comp Action.

15      10.   On January 24, 2008, Mr. Salmeron's heirs sued Plaintiff as a defendant in a
16  civil action entitled *Salmeron v. R&L Brosamer, Inc., et al.,* Case No. C-08-000163, ("Civil
17  Action"), which is venued in the Superior Court in the County of Contra Costa, and which
18  concerns the same Accident addressed in the Worker's Comp Action. Plaintiff notified Liberty
19  of the Civil Action and again asked Liberty to pay the fees and costs that Independent counsel
20  had incurred in the Worker's Comp Action with Liberty's full knowledge and consent.

21      11. On April 18, 2008, without having responded for more than four months to
22  Plaintiff's inquiries about Policy coverage and the retention of Independent Counsel, Liberty
23  claimed for the first time that Santana & Hart, Liberty's House Counsel, was also representing
24  Plaintiff in the Worker's Comp Action, and it refused to pay Independent Counsel's fees and
25  costs. Liberty claimed that House Counsel represented Plaintiff even though it signed the
26  Substitution that identified only Liberty as House Counsel's client. Liberty declined to pay
27  Independent Counsel despite its conflict of interest with Plaintiff in the Worker's Comp Action,

28

4

1    and in spite of its knowledge that Plaintiff had hired Independent Counsel in reliance upon its
2    right to Independent Counsel because of the conflict. Despite numerous Plaintiff requests for
3    clarification of its position, as well as the receipt of Independent Counsel's accruing bills,
4    Liberty waited over four months to convey its refusal to pay him. On May 28, 2008, Liberty
5    finally agreed to "negotiate" with Independent Counsel regarding his bills, but only if Plaintiff
6    would accept House Counsel to represent both Plaintiff and Liberty in the Worker's Comp
7    Action.

8         12. On May 6, 2008, Liberty notified Plaintiff that it denied coverage of the Civil
9    Action under the Policy, on the grounds that the Complaint allegations did not create the
10   potential for coverage, as Plaintiff was not Mr. Salmeron's employer on the date of the Accident.
11   Liberty refused to accept its obligation to defend Plaintiff in the Civil Action, even though (1)
12   Claimant's in the Workers' Comp Action had alleged that Plaintiff was decedent's special
13   employer, (2) the Complaint in the Civil Action alleged that Plaintiff had "complete control"
14   over the loading and unloading operations at the time of the Accident, and (3) Liberty's own
15   investigation of the Accident showed facts and law to support a special employment relationship
16   between Plaintiff and decedent.

17        13. In April of 2008, Plaintiff was notified that Liberty had retained coverage counsel
18   to review and respond to their inquiries. Plaintiff was advised that all communications with
19   Liberty should be through and with coverage counsel. Accordingly, Plaintiff directed previous
20   inquiries regarding policy coverage and legal representation to Liberty's coverage counsel.
21   Approximately two months later, on June 8, 2008, Plaintiff was advised that Liberty still had not
22   authorized coverage counsel to respond to Plaintiff's inquiries regarding the status of its legal
23   representation and coverage.

24        **FIRST CAUSE OF ACTION: BREACHES OF INSURING AGREEMENTS**

25        14. Plaintiff refers to and incorporates by reference each and every allegation of
26   paragraphs 1 through 13 of this Complaint as though set forth herein in full.

27        15. Plaintiff is informed and believes and thereon alleges that the Policy obligates

28
                                                 5

1  Liberty to provide full and independent defenses of the Worker's Comp Action and the Civil

2  Action, and to be indemnified by Liberty for any award, judgment or settlement on Plaintiff's

3  behalf in the Worker's Comp Action and the Civil Action.

4        16. Plaintiff has tendered, and hereby retenders, its defense and indemnity of the

5  claims in the Worker's Comp Action and the Civil Action to Liberty. Liberty has wrongfully

6  failed to provide full and independent defenses of the Worker's Comp Action, or refused to

7  accept those tenders of the Civil Action.

8        17. Plaintiff alleges that as a proximate and legal cause of those refusals to provide

9  full and independent defenses of the Worker's Comp Action, or to accept those tenders of the

10  Civil Action, Plaintiff has and will incur attorneys' fees and other costs in defending the

11  Worker's Comp Action and the Civil Action, and that Liberty is liable for all attorneys' fees and

12  costs that Plaintiff has or will incur and has breached the Policy insuring agreements, causing

13  injury and damage to Plaintiff.

14        18. Based upon the acts of the defendants, Plaintiff has suffered damages, in an

15  amount according to proof.

16  **SECOND CAUSE OF ACTION: BREACH OF THE IMPLIED COVENANT OF GOOD**
17  **FAITH AND FAIR DEALING**

18        19. Plaintiff refers to and incorporates by reference each and every allegation of

19  paragraphs 1 through 17 of this complaint as though set forth herein in full.

20        20. By, among other things, failing to pay for Independent Counsel in the Worker's

21  Comp Action, failing to provide legal representation to Plaintiff in the Worker's Comp Action after

22  withdrawal of Retained Counsel, failing to communicate with its insured regarding Policy benefits

23  despite numerous inquiries, taking action in the Worker's Comp Action detrimental to Plaintiff and

24  only to benefit itself, and failing to accept Plaintiff's tender of defense of the Civil Action, Liberty

25  has breached the implied covenant of good faith and fair dealing owed to Plaintiff under the terms

26  of the Policy.

27        21. As a proximate result of Liberty's bad faith conduct, Plaintiff has suffered damages

28

6

1    and is entitled to recover from Liberty the full amount of Independent Counsel's fees and costs, any
2    judgment rendered in the Civil Action, any consequential damages incurred by the financial
3    hardship inflicted upon Liberty as a result of being compelled pay Independent Counsel and to
4    satisfy the Civil Action judgment, attorneys' fees incurred in the pursuit by Plaintiff of Policy
5    benefits owed by Liberty, and other damages which as yet have not been fully ascertained.

6        22.  Liberty's conduct described herein was done with a conscious disregard of the
7    rights of Plaintiff and with the intent to vex, injure or annoy such as to constitute oppression, fraud
8    or malice under California Civil Code §3294, entitling Plaintiff to punitive damages in an amount
9    appropriate to punish or set an example of Liberty.

10                    **THIRD CAUSE OF ACTION: DECLARATORY RELIEF**

11        23.  Plaintiff refers to and incorporates by reference each and every allegation of
12    paragraphs 1 through 21 of this complaint as though set forth herein in full.

13        24.  There presently exists a dispute and controversy over the rights, liabilities and
14    duties of the various parties hereto under the Policy.  Plaintiff seeks a determination of the rights,
15    liabilities and duties of the parties herein.

16        25.  Plaintiff contends that defendants, and each of them, are obligated to defend and
17    indemnify Plaintiff against the loss, liability, cost and expense including attorneys' fees incurred or
18    suffered by Plaintiff by reason of the matters alleged in the Worker's Comp Action and the Civil
19    Action.  Defendants and each of them dispute these contentions and contend that they are not
20    obligated to indemnify, to defend or to reimburse Plaintiff.

21        26.  Plaintiff desires a judicial determination of its rights herein and a declaration that
22    Plaintiff is entitled to be indemnified by defendants and each off them in whole, or in part as measured
23    by their obligations and the extent of damages caused by their acts and/or omissions.

24    ///
25    ///
26    ///
27    ///
28
                                              7
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR
DEALING, AND DECLARATORY RELIEF

1

## PRAYER

2    WHEREFORE, Plaintiff, R&L BROSAMER, INC. prays for judgments against defendants,

3  and each of them, as follows:

4      1.    A declaration of the rights and duties of the parties;

5      2.    For a judgment by way of indemnification for any sum adjudged against or paid on

6  behalf of Plaintiff in the Worker's Comp Action and the Civil Action, if any;

7      3.    Costs and attorney's fees incurred in the defense of the Worker's Comp Action and

8  the Civil Action and in the prosecution of this Complaint;

9      4.    For punitive damages in an amount appropriate to punish or set an example of Liberty;

10  and

11      5.    For such other and further relief as the Court may deem just and proper.

12  DATED:        June 13, 2008

                                            LYNCH, GILARDI & GRUMMER
13                                          A Professional Corporation

14
                                    By    _____
15                                          Elisabeth A. Madden
                                            Wallace M. Tice
16                                          Attorneys for Plaintiff
17                                          R&L BROSAMER, INC.

18  \\sfplaw01\ProLaw\Documents\0871-0004\P\227.doc

19

20

21

22

23

24

25

26

27

28                                          8

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Elisabeth A. Madden, Esq. (SBN 131172)<br>LYNCH, GILARDI & GRUMMER, APC<br>475 Sansome St., #1800<br><br>San Francisco, CA  94111<br>TELEPHONE NO.: 415-397-2800    FAX NO: 415-397-0937<br>ATTORNEY FOR *(Name):* Defendant, R. & L. Brosamer | F I L E D |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez, CA  94553
BRANCH NAME:

JUN 16 2008

K. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ Deputy Clerk

| CASE NAME:   R&L Brosamer, Inc. v. Liberty Mutual Fire Insurance Co., and Does 1 - 15 | |
|---|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: C 0 8 - 0 1 6 0 5 |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount         (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
|  | [x] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) |  |  |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) |  |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) |  |
| [ ] Other employment (15) | [ ] Other judicial review (39) |  |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):*  Three (3)

5. This case [ ] is  [x] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 13, 2008

Elisabeth A. Madden, Esq. (SBN 131172)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions Ce Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

**Superior Court of California, County of Contra Costa**

# NOTICE TO DEFENDANTS

In <u>Unlimited Jurisdiction</u> Civil Actions

<u>YOU ARE BEING SUED</u>. The packet you have been served should contain:

a.   The Summons

b.   The Complaint

c.   The Notice of Case Management (shows hearing date and time)

d.   <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)

e.   <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

f.   Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** 

### You must:

1. **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the Case Management Statement**  *(CM-110)*

3. **File and serve your court papers on time**   Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**   by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that <u>must</u> be filed at the court within <u>60</u> days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference*.

6. **Consider trying to settle your case before trial**   If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

<u>COURT FEES:</u> You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

<u>COURT FORMS:</u> Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

 

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.

2. If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.

3. If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

> Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

> a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).

> b. For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).

> c. Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

> a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

> b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. <u>Demurrer</u> *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. <u>Motion to Strike</u> *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court)*;
4. <u>Motion to Quash Service of Summons</u> *(you were not legally served)*;
5. <u>Motion to Stay</u> *(put the case on hold)*; or
6. <u>Motion to Dismiss</u> *(stops the case)*.

**NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:**   (925) 825-5700
- **Bay Area Legal Aid:**   (800) 551-5554
- **Contra Costa County Law Library**       Martinez: (925) 646- 2783       Richmond: (510) 374-3019
- **Ask the Law Librarian:**   www.247ref.org/portal/access_law3.cfm

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
                        Plaintiff(s)
            vs.

_____

_____
                        Defendant(s)

**_Stipulation and Order_ to Attend ADR and Delay _First Case Management Conference 90 Days_**

Case No.:_____  Date complaint filed: _____  First case management conference set for: _____

> ▸ ALL PARTIES MUST SIGN THIS FORM AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE
>
> ▸ PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553
>
> ▸ THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

**Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☒one]:**

❑ Judicial mediation       ❑ Judicial arbitration       ❑ Neutral case evaluation

❑ Private mediation        ❑ Private arbitration

COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:

1. This is not a complex civil case (as described in California Rules of Court, Rule 3.400);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

| | | | |
|---|---|---|---|
| _____ | | _____ | |
| Counsel for Plaintiff _(print)_ | Fax | Counsel for Defendant _(print)_ | Fax |
| _____ | | _____ | |
| Signature | | Signature | |
| _____ | | _____ | |
| Counsel for Plaintiff _(print)_ | Fax | Counsel for Defendant _(print)_ | Fax |
| _____ | | _____ | |
| Signature | | Signature | |

> Pursuant to the Stipulation of the parties, and subject to the _Case Management Order_ to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) Plaintiff's counsel must notify all parties of the case management conference.
>
> Dated: _____          _____
>                                        _Judge of the Superior Court_



CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|

**(Check one):**    ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request  ☐ a jury trial  ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in *(check all that apply):*
- (1) ☐ Mediation
- (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
- (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
- (4) ☐ Binding judicial arbitration
- (5) ☐ Binding private arbitration
- (6) ☐ Neutral case evaluation
- (7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

## 11. Settlement conference
☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

## 12. Insurance
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 13. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

## 14. Related cases, consolidation, and coordination
a. ☐ There are companion, underlying, or related cases.
  (1) Name of case:
  (2) Name of court:
  (3) Case number:
  (4) Status:
  ☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

## 15. Bifurcation
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 16. Other motions
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

|  Party  |  Description  |  Date  |
|---|---|---|
| | | |

  c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**
  a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
  b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**
  ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**
  a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

  b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**
  Previous case management orders in this case are *(check one):*  ☐ none  ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any):*** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
      (TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
      (TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY)
                                          ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]          **CASE MANAGEMENT STATEMENT**                    Page 4 of 4



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.cc-courts.org/adr*

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.



## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787



# First Class Mail



LYNCH, GILARDI & GRUMMER
A Professional Corporation
ATTORNEYS AT LAW
475 SANSOME STREET, SUITE 1800
SAN FRANCISCO, CALIFORNIA 94111

Ms. Karen Harris
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA  95833

