1  PAMELA E. COGAN (SBN 105089)
   JENNIFER A. WILLIAMS (SBN 244707)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 300
3  Redwood City, CA 94063-2052
   Telephone:    (650) 364-8200
4  Facsimile:    (650) 780-1701
   Email:      pcogan@rmkb.com
5            jwilliams@rmkb.com

6  Attorneys for Defendant
   LIBERTY MUTUAL FIRE INSURANCE
7  COMPANY

8             UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 R&L BROSAMER, INC.,                    CASE NO. CV 08-03607 BZ

12        Plaintiff,                      **DEFENDANT LIBERTY MUTUAL FIRE
                                          INSURANCE COMPANY'S ANSWER TO**
13 v.                                     **COMPLAINT**

14 LIBERTY MUTUAL FIRE INSURANCE          **DEMAND FOR JURY TRIAL**
   COMPANY; AND DOES 1-15,                **[Fed. R. Civ. Proc., Rule 38(b)]**
15
          Defendant.
16

17        Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual") in

18 answer to the Complaint of Plaintiff R&L Brosamer on file herein, and to each and every cause of

19 action contained therein, admits, denies and alleges as follows:

20        1.    Answering the allegations contained in paragraph 1 of the Complaint, Liberty

21 Mutual admits that a case entitled *Salmeron v. R&L Brosamer, Inc., et al.*, Case No. OAK

22 0333041 ("workers' compensation proceeding"), was initiated against plaintiff wherein the

23 claimant in that matter sought workers' compensation benefits under the workers' compensation

24 policy issued to plaintiff by Liberty Mutual. Liberty Mutual further admits that the claimant in

25 the workers' compensation action alleged that plaintiff was an employer of the decedent at the

26 time of the accident. As to the remaining allegations contained in paragraph 1 of the Complaint

27 regarding the facts of the accident, Liberty Mutual admits the allegations on information and

28 belief.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RCI/5159405.1/JAW

DEFENDANT LIBERTY MUTUAL'S ANSWER
TO COMPLAINT
CASE NO. CV 08-3607

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

2.      Answering the allegations contained in paragraph 2 of the Complaint, Liberty Mutual admits it is a corporation organized under the laws of the State of Wisconsin with its principal place of business in Boston, Massachusetts. Liberty Mutual further admits that it is licensed to transact insurance business in the State of California.

3.      Answering the allegations contained in paragraph 3 of the Complaint, Liberty Mutual lacks sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained therein.

4.      Answering the allegations contained in paragraph 4 of the Complaint, Liberty Mutual denies each and every allegation contained therein.

5.      Answering the allegations contained in paragraph 5 of the Complaint, Liberty Mutual admits that plaintiff tendered the defense and indemnity of the workers' compensation proceeding to Liberty Mutual. Liberty Mutual further admits that it retained the law firm of Laughlin, Falbo, Levy & Moresi, LLP, to represent plaintiff and Liberty Mutual in the workers' compensation proceeding. As to the remaining allegations contained in paragraph 5, Liberty Mutaul denies each and every allegation contained therein.

6.      Answering the allegations contained in paragraph 6 of the Complaint, Liberty Mutual admits that plaintiff requested that it admit a special employment relationship existed between plaintiff and the decedent for the workers' compensation proceeding. As to the remaining allegations contained in paragraph 6, Liberty Mutual denies each and every allegation contained therein.

7.      Answering the allegations contained in paragraph 7 of the Complaint, Liberty Mutual admits that David Hughes and law firm of Laughlin, Falbo, Levy & Moresi, LLP substituted out as counsel from the workers' compensation proceeding and that plaintiff asked Liberty Mutual to pay for John Parente to represent plaintiff. As to the remaining allegations contained in paragraph 7, Liberty Mutual denies each and every allegation contained therein.

8.      Answering the allegations contained in paragraph 8 of the Complaint, Liberty Mutual admits that Mr. Hughes submitted two Substitution of Attorneys forms to substitute the firm of Santana & Hart as counsel for Liberty Mutual and John Parente as counsel for plaintiff.

1    Liberty Mutual further admits the plaintiff requested that it pay for the services of Mr. Parente.

2    As to the remaining allegations contained in paragraph 8, Liberty Mutual denies each and every

3    allegation contained therein.

4        9.     Answering the allegations contained in paragraph 9 of the Complaint, Liberty

5    Mutual denies each and every allegation contained therein.

6        10.    Answering the allegations contained in paragraph 10 of the Complaint, Liberty

7    Mutual admits that plaintiff was sued as a defendant in a civil action entitled *Salmeron v. R&L*

8    *Brosamer, Inc., et al.*, Case No. C08-000163 ("the civil action"), in the Superior Court of

9    California, County of Contra Costa.  As to the remaining allegations contained in paragraph 10,

10   Liberty Mutual denies each and every allegation contained therein.

11       11.    Answering the allegations contained in paragraph 11 of the Complaint, Liberty

12   Mutual denies each and every allegation contained therein.

13       12.    Answering the allegations contained in paragraph 12 of the Complaint, Liberty

14   Mutual admits that by letter dated May 6, 2008, it denied coverage under its workers'

15   compensation policy for the civil action, the contents of which speak for itself.  As to the

16   remaining allegations contained in paragraph 12, Liberty Mutual denies each and every allegation

17   contained therein.

18       13.    Answering the allegations contained in paragraph 13 of the Complaint, Liberty

19   Mutual admits that in April 2008, it retained coverage counsel and advised plaintiff that it should

20   communicate with such counsel regarding the coverage issues concerning payment of defense by

21   John Parente in the workers' compensation proceeding.  As to the remaining allegations

22   contained in paragraph 13, Liberty Mutual denies each and every allegation contained therein.

23       14.    Answering the allegations contained in paragraph 14 of the Complaint, Liberty

24   Mutual incorporates by reference herein each of its admissions, denials and allegations contained

25   in its responses to paragraphs 1 through 13 of the Complaint as though fully set forth herein.

26       15.    Answering the allegations contained in paragraph 15 of the Complaint, Liberty

27   Mutual denies each and every allegation contained therein.

28       16.    Answering the allegations contained in paragraph 16 of the Complaint, Liberty

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

DEFENDANT LIBERTY MUTUAL'S ANSWER
TO COMPLAINT
CASE NO. CV 08-3607

1    Mutual admits that plaintiff has tendered its defense and indemnity of the claims in the workers'

2    compensation proceeding and the civil action to Liberty Mutual.  As to the remaining allegations

3    contained in paragraph 16, Liberty Mutual denies each and every allegation contained therein.

4         17.     Answering the allegations contained in paragraph 17 of the Complaint, Liberty

5    Mutual denies each and every allegation contained therein.

6         18.     Answering the allegations contained in paragraph 18 of the Complaint, Liberty

7    Mutual denies each and every allegation contained therein.

8         19.     Answering the allegations contained in paragraph 19 of the Complaint, Liberty

9    Mutual incorporates by reference herein each of its admissions, denials and allegations contained

10   in its responses to paragraphs 1 through 18 of the Complaint as though fully set forth herein.

11        20.     Answering the allegations contained in paragraph 20 of the Complaint, Liberty

12   Mutual denies each and every allegation contained therein.

13        21.     Answering the allegations contained in paragraph 21 of the Complaint, Liberty

14   Mutual denies each and every allegation contained therein.

15        22.     Answering the allegations contained in paragraph 22 of the Complaint, Liberty

16   Mutual denies each and every allegation contained therein.

17        23.     Answering the allegations contained in paragraph 23 of the Complaint, Liberty

18   Mutual incorporates by reference herein each of its admissions, denials and allegations contained

19   in its responses to paragraphs 1 through 22 of the Complaint as though fully set forth herein.

20        24.     Answering the allegations contained in paragraph 24 of the Complaint, Liberty

21   Mutual admits there exists a dispute over the rights, liabilities, and duties of Liberty Mutual and

22   plaintiff.

23        25.     Answering the allegations contained in paragraph 25 of the Complaint, Liberty

24   Mutual admits that it disputes liability in this matter.  As to the remaining allegations contained in

25   paragraph 25, Liberty Mutual denies each and every allegation contained therein.

26        26.     Answering the allegations contained in paragraph 26 of the Complaint, Liberty

27   Mutual denies each and every allegation contained therein.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

DEFENDANT LIBERTY MUTUAL'S ANSWER
TO COMPLAINT
CASE NO. CV 08-3607

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1 | **FIRST AFFIRMATIVE DEFENSE**

2 | **(Failure to State a Claim)**

3 | AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

4 | ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED

5 | THEREIN, Liberty Mutual alleges that said Complaint fails to state facts sufficient to constitute a

6 | cause of action against this answering defendant.

7 | **SECOND AFFIRMATIVE DEFENSE**

8 | **(Conditions Precedent)**

9 | AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

10 | ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED

11 | THEREIN, Liberty Mutual alleges that at all times and places mentioned in the Complaint herein,

12 | plaintiff failed to perform certain conditions precedent to the duty of defendant.  These conditions

13 | precedent were imposed upon plaintiff by contract.  The non-performance of said conditions

14 | excused defendants' obligations under the contracts and has given defendants the right of

15 | disaffirmance, rescission and release; plaintiff is therefore barred from recovery herein.

16 | **THIRD AFFIRMATIVE DEFENSE**

17 | **(No Coverage/Barred by Terms and Conditions)**

18 | AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

19 | ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED

20 | THEREIN, Liberty Mutual alleges that the claims alleged against defendant, in whole or in part,

21 | do not fall within the scope of the coverage or are barred by the terms, conditions, definitions,

22 | exclusions, and the limitations contained in the policy.

23 | **FOURTH AFFIRMATIVE DEFENSE**

24 | **(Waiver and Estoppel)**

25 | AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

26 | ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED

27 | THEREIN, Liberty Mutual alleges that plaintiff has waived and/or is estopped from asserting any

28 | claim against Liberty Mutual by its own acts and omissions with respect to the events and

DEFENDANT LIBERTY MUTUAL'S ANSWER
TO COMPLAINT
CASE NO. CV 08-3607

occurrences cited in said complaint, and its failure to adequately protect its own interests.

### FIFTH AFFIRMATIVE DEFENSE

#### (Procedural Due Process)

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Liberty Mutual alleges that plaintiff's complaint, to the extent that it seeks exemplary or punitive damages pursuant to section 3294 of the Civil Code, violates Liberty Mutual's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

### SIXTH AFFIRMATIVE DEFENSE

#### (Excessive Fines)

AS AN SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Liberty Mutual alleges that plaintiff's complaint, to the extent that it seeks punitive or exemplary damages pursuant to section 3294 of the Civil Code, violates defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17, of the Constitution of the State of California, and violates Liberty Mutual's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Substantive Due Process)

AS AN SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, Liberty Mutual alleges on information and belief, and on that basis allege, that plaintiff's complaint, and each cause of action stated therein, violates Liberty Mutual's rights to substantive due process as provided in the Fifth and Fourteenth Amendments

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

DEFENDANT LIBERTY MUTUAL'S ANSWER
TO COMPLAINT
CASE NO. CV 08-3607

1    of the United States Constitution and the Constitution of the State of California, and therefore

2    fails to state a cause of action supporting the exemplary or punitive damages claimed.

3    ### EIGHTH AFFIRMATIVE DEFENSE

4    **(Breach of Contract)**

5    AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

6    ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED

7    THEREIN, Liberty Mutual alleges plaintiff breached the implied covenant of good faith and fair

8    dealing, and/or the express contract terms and conditions, contained in the policy issued to

9    plaintiff by Liberty Mutual and plaintiff is therefore barred from recovery herein.

10   WHEREFORE, Liberty Mutual prays for judgment as follows:

11   1.    That plaintiff takes nothing by its Complaint;

12   2.    For costs of suit incurred herein; and

13   3.    For such other and further relief as the Court deems proper.

14   Dated: August 4 , 2008                    ROPERS, MAJESKI, KOHN & BENTLEY

15

16                                             By:

17                                             PAMELA E. COGAN
                                               JENNIFER A. WILLIAMS.
18                                             Attorneys for Defendant LIBERTY
                                               MUTUAL FIRE INSURANCE COMPANY

19

20   ### DEMAND FOR JURY TRIAL

21   Defendant Liberty Mutual Fire Insurance Company hereby demands a trial by jury

22   pursuant to Rule 38, subdivision (b) of the Federal Rules of Civil Procedure.

23   Dated: August 4 , 2008                    ROPERS, MAJESKI, KOHN & BENTLEY

24                                             By:

25                                             PAMELA E. COGAN
                                               JENNIFER A. WILLIAMS.
26                                             Attorneys for Defendant LIBERTY
                                               MUTUAL FIRE INSURANCE COMPANY
27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5159405.1/JAW                    - 7 -                    DEFENDANT LIBERTY MUTUAL'S ANSWER
                                                             TO COMPLAINT
                                                             CASE NO. CV 08-3607